IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON RICARDO SMITH,

    Plaintiff,

vs.                                                Case No: 1:11-cv-226-MP-GRJ

WAL-MART STORES, INC.,

    Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion To Deem Request For Admission Admitted.  (Doc. 13.)  Defendant has filed a response in opposition to Plaintiff's motion (Doc. 16) and, therefore, the motion is ripe for review. For the following reasons, Plaintiff's motion is due to be denied.

## DISCUSSION

Plaintiff claims Defendant's response to his First Request for Admissions was untimely and therefore the Court should deem the matters admitted.  Plaintiff's Request for Admissions contains a certificate of service certifying that the requests were mailed to Defendant's counsel on February 14, 2012. Doc. 13, Ex. A.  In its response in opposition Defendant represents that it mailed the responses to Plaintiff's Requests for Admissions on March 16, 2012. Doc. 16. The copy of the response to the requests for admissions, attached to Defendant's response in opposition, confirms that Defendant mailed to the Plaintiff the response to Plaintiff's request for admissions on March 16, 2012. Doc. 16, Ex. A.

Reference to the Federal Rules of Civil Procedure confirms that Defendant's

response was served timely. Rule 36(a)(3) of the Federal Rules of Civil Procedure – the rule authorizing the service of requests for admissions – provides: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Thus, a party is required to serve responses to a request for admissions within 30 days. The 30 day period for responding to a request for admissions is, however, also subject to Rule 6 of the Federal Rules of Procedure, which sets out the method for computing the time period for serving a response and provides for three additional days when service is made by mail. Fed. R. Civ. P Rule 6(d)( "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).")

      Because Plaintiff mailed the First Request for Admissions to Defendant's counsel on February 14, 2012 the 30 day period for Defendant to respond to Plaintiff's request for admissions began to run on February 15, 2012. Thirty days from February 15, 2012 is March 15, 2012. However, because Plaintiff mailed the requests for admissions to Defendant's counsel three days are added to Defendant's deadline to serve a response to the requests for admission. Fed. R.Civ. P 6(d). Three days from March 15, 2012 is March 18, 2012. Because March 18, 2012 was a Sunday, Defendant's deadline to serve a response was Monday, March 19, 2012. Accordingly, the deadline for Defendant to serve its response and objections to Plaintiff's request for admissions was March 19, 2012. Defendant served its response on March 16, 2012 three days before the deadline and, therefore, the response was timely. Plaintiff's motion to deem the requests admitted due to untimeliness therefore has no merit.

Lastly, Defendant requests the Court to award it attorney's fees and costs as a sanction for having to respond to Plaintiff's motion. While the Plaintiff's motion was based upon a misreading (or misunderstanding) of the relevant provisions of the Federal Rules of Civil Procedure dealing with the time limits for serving responses – and to that extent was not substantially justified -- the Court, nonetheless, determines that an award of attorney's fees and costs would be unjust in these circumstances.[1] Plaintiff is proceeding *pro se* and made an error regarding the calculation of the deadline for Defendant to respond to Plaintiff's First Request for Admissions.  Although the Federal Rules have been revised recently to make the calculation of time limits easier to determine, the Rules still may be confusing, particularly when calculating response deadlines.

Further, while the Court recognizes that Plaintiff did not confer with Defendant's counsel before filing the motion, Defendant would not have consented to the motion (for obvious reasons) had Plaintiff conferred. The Court also doubts that if Plaintiff had conferred with Defendant's counsel Plaintiff would have then agreed to abandon the motion. On the other hand, had Plaintiff conferred before filing the motion and expressly been instructed that the motion was based upon a misunderstanding of the Federal Rules, and Plaintiff then proceeded to file the motion with that knowledge, the filing of the motion could be viewed as dilatory. Here, however, Defendant represents that other than a conversation with Plaintiff on March 5, 2012 regarding the timeliness of other discovery responses there have been no further communications with the Plaintiff.  For these reasons, the Court declines to award fees and expenses to Defendant.

---

[1] While rule 37(5)(B) of the Federal Rules of Civil Procedure provides that if a motion to compel is denied the court must require the movant to pay the reasonable expenses, including attorney's fees, of the party opposing the motion, the rule goes on to provide that "[t]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

Accordingly, upon due consideration, it is **ORDERED:**

(1) Plaintiff's Motion To Deem Request For Admission Admitted (Doc. 13) is **DENIED.**

(2) Defendant's Motion to Strike (included in its response) is **DENIED as moot** and Defendant's request for attorney's fees and costs is **DENIED.**

**DONE AND ORDERED** this 4th day of April 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge