IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON RICARDO SMITH,

    Plaintiff,

v.                                                        CASE NO. 1:11-cv-226-MP-GRJ

WAL-MART STORES, INC.,

    Defendant.

_____/

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Wal-Mart's Second Affirmative Defenses. (Doc. 33.)  Defendant has filed a response (Doc. 34) and, therefore, the matter is ripe for review. For the reasons discussed below, Plaintiff's motion is due to be denied.

## I. BACKGROUND

Plaintiff, Brandon Smith, worked for Defendant, Wal-Mart Stores, Inc., ("Wal-Mart") from April 27, 2009 to March 27, 2012.[1] Plaintiff, proceeding *pro se*, purports to bring claims against Wal-Mart for discrimination based upon Plaintiff's disability and for retaliation against Plaintiff for reporting that discrimination. Plaintiff, who has a speech impediment, first filed charges against Defendant with the Equal Employment Opportunity Commission (EEOC) on December 9, 2010 alleging that Defendant discriminated against Plaintiff on the basis of his disability. According to Plaintiff,

---

[1]Defendant claims that the appropriate defendant is Wal-Mart Stores East, L.P., the operating entity of the store where Plaintiff worked.

Case No: 1:11-cv-226-MP-GRJ

Defendant mocked Plaintiff's speech impediment, called Plaintiff "retarded and special," and failed to accommodate Plaintiff's request for a smaller speaking role at work. (Doc. 25). After Plaintiff filed the December 9, 2010 complaint with the EEOC, Plaintiff claims that Defendant retaliated against Plaintiff by monitoring Plaintiff throughout the store, denying promotions to Plaintiff, and rejecting Plaintiff's transfer requests on numerous occasions. Plaintiff then filed a complaint against Defendant on October 18, 2011 while he was still employed by Defendant. (Doc. 1). Plaintiff later amended his complaint with an additional claim that Defendant wrongfully terminated Plaintiff's employment on March 27, 2012 because of Plaintiff's twenty-one absences from work, which Plaintiff contends Defendant previously had approved so Plaintiff could attend to his legal matters.

Defendant answered Plaintiff's Seconded Amended Complaint and in the answer raised twenty-three affirmative defenses. (Doc. 32). Plaintiff requests the Court to strike Defendant's affirmative defenses one through twenty-two on the grounds that the defenses fail to allege sufficient facts and, therefore, are pled inadequately under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In response Defendant argues that the heightened pleading requirements in *Twombly* and *Iqbal* do not apply to affirmative defenses. (Doc. 34). Additionally, Defendant asserts that its affirmative defenses are adequately pled and provide the Plaintiff with adequate notice of the affirmative defenses.

## II. DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may

strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When evaluating a motion to strike, the Court must view all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

However, courts do not generally exercise their discretion to strike a pleading unless the matter "has no possible relation to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher*, 881 F. Supp. at 576. As a result courts disfavor motions to strike and often consider them to be "time wasters." *See Somerset Pharms., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996). "An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher*, 881 F. Supp. at 576 (citation omitted).

A. *Pleading Standard for Affirmative Defenses*

Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Microsoft*, 211 F.R.D. at 684. Pursuant to Rule 8(b)(1)(A) a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Beyond this, however, the Eleventh

Circuit has not addressed whether affirmative defenses are subject to the same heightened pleading requirements as complaints under *Twombly* and *Iqbal*, or whether affirmative defenses need only meet the traditional notice pleading standard.

District courts that have considered the issue have taken different stances on the issue. In one line of cases district courts have concluded that this heightened pleading standard applies to affirmative defenses because "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for .... [its] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case."  *Castillo v. Roche Laboratories Inc.*, 10-20876-CIV, 2010 WL 3027726, *1 (S.D. Fla. Aug. 2, 2010)(*citing Palmer v. Oakland Farms, Inc.* No. 5:10cv00029, 2010WL 2605179 (W.D. Va. June 24, 2010)(*see* cases collected therein.)

Other district courts in the Eleventh Circuit have taken the opposite view and concluded that the heightened pleading standard in *Twombly* and *Iqbal* does not apply to affirmative defenses. *Adams v. JP Morgan Chase Bank, N.A.*, 3:11-cv-337-J-37MCR, 2011 WL 2938467, *2-4 (M.D. Fla. July 21, 2011)(*see* cases collected therein)*; Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200-J-25TEM, 2008 WL 4059786, *1 (M.D. Fla. Aug. 27, 2008)*; Floyd v. SunTrust Banks, Inc.*, No. 1:10-cv-2620-RWS, 2011 WL 2441744, *7-8 (N.D. Ga. June 13, 2011). These courts have declined to apply the heightened pleading standard in *Twombly* and *Iqbal* to affirmative defenses based upon the rationale that there is a difference in the language of Rule 8(a) – which deals with the pleading

requirements for complaints – and Rules 8(b) and (c), which deal with the pleading requirements for defenses. *Adams*, 2011 WL 2938467, at *3-4. Although Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim *showing* that the pleader is entitled to relief," Rules 8(b)(1)(A) and 8(c)(1) only require that a party s*tates* his defenses. Fed. R. Civ. P. 8 (emphasis added). The Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a)(2), which requires a "showing" of entitlement to relief, when it established the plausibility requirement for complaints. 2 Moore's Federal Practice, 8.08[1] (Matthew Bender 3d ed.). Thus, it follows that the plausibility requirement for affirmative defenses should not apply to affirmative defenses because the language in the rule governing affirmative defenses notably lacks any "showing" requirement. *Id.* Secondly, requiring affirmative defenses to contain the factual specificity needed to meet a plausibility standard would be unfair to defendants, who lack time to conduct investigations within the twenty-one day period to respond to complaints. *Id.*

While there are well reasoned rationales supporting each of the divergent views the Court need not resolve this issue because even under view that *Twombly* and *Iqbal* should apply to pleading affirmative defenses the defendant is still only required to state in short and plain terms its defenses to each claim asserted against it. Rule 8 "does not obligate a defendant to set forth detailed factual allegations" but only to "give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Bartram, LLC v. Landmark American Ins. Co.*, No. 1:10–cv–28, 2010 WL 4736830, *1 (N.D.Fla. Nov.16, 2010)(*citing Twombly*.) The factual allegations are only required to

be enough to raise a right to relief above the speculative level." *Id.*   As discussed below Defendant's affirmative defenses more than satisfy this standard.

**B.**   *The First, Second, Third, and Fourth Affirmative Defenses*

Plaintiff contends that Defendant's affirmative defenses, including the first four, are insufficiently pled for lacking factual specificity and for failing to provide Plaintiff with fair notice of the defenses. In addition to the argument that the defenses lack fair notice, Plaintiff makes reference to exhibits and to what he refers to as "ironclad evidence" in arguing that the defenses lack merit. (Doc. 33). However, in ruling upon a motion to strike it is not appropriate for the Court to consider the merits of any affirmative defense because the Court accepts all well-pled facts as true and only evaluates the legal sufficiency of affirmative defenses. *Reyher*, 881 F. Supp. at 576; *see Adams*, 2011 WL 2938467, at *2*. Motions for summary judgment are a more appropriate mechanism for contesting the merits of affirmative defenses. *Adams*, 2011 WL 2938467, at *5*.

Plaintiff also argues that Defendant's affirmative defenses merely deny facts that Plaintiff alleged in his complaint rather than truly raise affirmative defenses. Although Defendant's first three affirmative defenses, which allege that: (1) Plaintiff fails to state a claim, (2) Plaintiff is not a qualified person with a disability, and (3) Plaintiff never sought an accommodation, may be mere denials rather than true affirmative defenses, that is not a reason to strike the defenses because when a defendant labels a negative assertion as an affirmative defense rather than as a specific denial, "the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." *Bartram*,

2010 WL 4736830, at *2.

The fourth affirmative defense – that Defendant did not fire Plaintiff for his disability – is not simply a denial but also an affirmative statement that there was another legitimate reason for Plaintiff's dismissal. As such, to the extent that this defense requires Defendant to offer proof of another reasons for Plaintiff's dismissal the defense raises a valid legal defense to Plaintiff's claim.

In sum, these defenses provide the Plaintiff with fair notice of the defenses above the speculative level and therefore Plaintiff has failed to demonstrate that these defenses should be stricken. Accordingly, Plaintiff's motion to strike is due to be denied with respect to the first four affirmative defenses.

C. *The Fifth Through Twenty-Second Affirmative Defenses*

Plaintiff also challenges Defendant's fifth through twenty-second affirmative defenses, contending that each either fails on the merits, or fails to give Plaintiff adequate notice of the defense and the factual grounds upon which it rests. As discussed above the Court will not consider the factual merits of Defendant's affirmative defenses. Any challenge to the factual merits of an affirmative defense may be raised in a motion for summary judgment if appropriate. Moreover, the Court finds that Defendant's fifth through twenty-second affirmative defenses provide Plaintiff with more than fair notice of plausible defenses to the claims in the amended complaint.

For example. Defendant's eleventh affirmative defense asserts that Defendant is entitled to an award of attorney's fees because Plaintiff's claim is frivolous. Plaintiff's challenge to the eleventh affirmative defense focuses upon Defendant's evidence,

which at this stage of the case, is not appropriate. The only issue on a motion to strike is the legal sufficiency of the affirmative defense, not its underlying merits. While a request for attorney's fees technically might not be considered an affirmative defense, the Court need not strike it because pursuant to Rule 8(c)(2) the Court must treat a mistakenly designated counterclaim as a defense as though it were correctly designated. Therefore, rather than striking Defendant's eleventh affirmative defense, the Court will treat it as a claim for attorney's fees by Defendant.

Further, with regard to Defendant's twelfth, thirteenth, and fourteenth affirmative defenses – which raise bars to the availability of punitive damages – the Court concludes that these affirmative defenses are properly pled and provide Plaintiff with sufficient notice of the nature of the defenses. In the twelfth, thirteenth, and fourteenth affirmative defenses, Defendant asserts that Plaintiff's claims for punitive damages are barred because (12) any "unlawful acts were committed by individuals who were not acting in managerial capacity," (13) "any unlawful employment decisions were contrary to [Wal-Mart's] good faith efforts to comply with the anti-discrimination statutes," and (14) "Wal-Mart did not authorize or ratify any alleged discriminatory acts." (Doc. 32). Each of these affirmative defenses unambiguously identifies the defenses that Defendant intends to advance and each raises a plausible legal defense to Plaintiff's request for punitive damages. To the extent Plaintiff requires greater factual detail for these defenses, Plaintiff may acquire those facts through discovery. The Court will not exercise its discretion to strike legally sufficient defenses that are directly related to the controversy.

*Case No: 1:11-cv-226-MP-GRJ*

With regard to Defendant's sixteenth affirmative defense – which alleges the defense of equitable estoppel – Plaintiff argues that Defendant failed to satisfy the requirement that defendants plead equitable defenses with particularity.[2] Defendant's sixteenth affirmative defense asserts that Plaintiff's claims are barred by equitable estoppel "particularly in light of Plaintiff's actions in violation of the Florida Wiretap Statute" an allegation that sufficiently places Plaintiff on notice of both the nature and statutory grounds of the defense. Furthermore, Defendant's argument that this defense is unrelated to the controversy, confuses the issues, or otherwise prejudices Plaintiff is belied by the fact that it was Plaintiff who submitted recordings of Defendant's employees as exhibits in this case.

Defendant's seventeenth affirmative defense states that Plaintiff's claims are "barred by the appropriate statute of limitations" without further elaboration. (Doc. 32). Notably, Plaintiff does not argue that the seventeenth affirmative defense is too vague or conclusory. Rather, Plaintiff argues that the defense should be stricken because the statute of limitations does not bar his claims, which as discussed above, is improper because it is an argument on the merits.

Plaintiff's motion to strike Defendant's seventeenth affirmative defense fails for two other reasons. First, Rule 8(c) expressly lists the statute of limitations as a valid affirmative defense. Additionally, simply stating that Plaintiff's claims are barred by the

---

[2] *Poly-America, Inc. v. GSE Lining Tech., Inc.*, No. 3:96-cv-2690-P, 1998 U.S. Dist. LEXIS 9996, 22 (N.D. Tex. June 29, 1998), the case that Plaintiff cites for support, actually concluded that affirmative defenses such as laches and equitable estoppel were sufficiently pled in accordance with a notice pleading standard.

*Case No: 1:11-cv-226-MP-GRJ*

statute of limitations is sufficient to put Plaintiff on notice of a statute of limitations defense. *Adams*, 2011 WL 2938467, at *2 (citing *Blanc*, 2008 WL 4059786, at *1). Therefore, the Court concludes that Defendant's seventeenth affirmative defense is sufficiently pled, and the Court will not strike the defense in the absence of prejudice to Plaintiff.

Lastly, the Court will not strike Defendant's remaining affirmative defenses on the grounds that the defenses are unrelated to the controversy, confuse the issues, or prejudice Plaintiff. Plaintiff can challenge Defendant's affirmative defenses through a motion for summary judgment after there has been an opportunity for discovery. However, at this stage of the case Defendant's affirmative defenses are sufficient to provide Plaintiff with fair notice of Defendant's legally plausible defenses. Therefore, for these reasons the Plaintiff's motion to strike Defendant's affirmative defenses is due to be denied.[3]

### III. CONCLUSION

Accordingly, upon due consideration, it is **ORDERED**:

1. Plaintiff's Motion to Strike Wal-Mart's Second Affirmative Defenses (Doc. 33) is **DENIED**.

**DONE AND ORDERED** in Gainesville, Florida this 25th day of June 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[3] Defendant's request for attorney's fees is due to be denied because Defendant fails to cite to any legal basis for an award of attorney's fees. Further, to the extent that Defendant relies upon the Court's inherent authority to award attorney's fees the request is due to be denied because the Court does not conclude that Plaintiff's motion was frivolous or filed in bad faith.

*Case No: 1:11-cv-226-MP-GRJ*